Clark Harold METCALF,
Petitioner–Appellant,

v.

A.C. NEWLAND, Warden,
Respondent–Appellee.

No. 99–17451.
DC No. CV–97–06030–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided Sept. 24, 2001.

Before PREGERSON, HENRY,[1] and HAWKINS, Circuit Judges.

## MEMORANDUM[2]

Clark Harold Metcalf was convicted by a jury of two counts of second-degree robbery and two counts of possession of a firearm by a convicted felon. He filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The district court denied the petition, and Mr. Metcalf now appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and we affirm.

### I.

We review de novo the district court's decision to deny Mr. Metcalf's habeas petition. *See Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001). Because the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs Mr. Metcalf's case, we may grant habeas relief only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### II.

#### A.

Mr. Metcalf argues first that comments made by the trial judge violated his Fifth Amendment right not to testify at his trial. Both Mr. Metcalf and the government agree that the trial judge's comments constituted error under *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). However, *Griffin* errors are trial errors, not structural errors, and are subject to harmless error review. *See Rice v. Wood,* 77 F.3d 1138, 1143 (9th Cir.1996).

The California appellate court concluded that the *Griffin* error in Mr. Metcalf's case was harmless. In light of the evidence presented in this case, we find that it was not clear error for the California appellate court to conclude that the *Griffin* error was harmless. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1152 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

#### B.

Mr. Metcalf argues next that his Sixth Amendment right to counsel was violated because defense counsel was not present at the post-indictment live lineup, even though a defense investigator was. In support of his argument, Mr. Metcalf relies primarily on *United States v. Wade,*

1. The Honorable Robert H. Henry, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

We need not decide whether Mr. Metcalf's Sixth Amendment right to counsel was in fact violated under the circumstances. Assuming that there was a violation, there was still clear and convincing evidence that the eyewitnesses' in-court identifications of Mr. Metcalf were based upon observations of him other than at the live lineup. *See id.* at 241, 87 S.Ct. 1926 (adopting the test established in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).

### C.

Finally, Mr. Metcalf contends that his Sixth Amendment right to counsel was violated because trial counsel rendered ineffective assistance by failing to object to the admission of the lineup evidence. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (discussing standard for ineffective assistance of counsel). We conclude that, even if trial counsel was ineffective for not objecting to the lineup evidence, Mr. Metcalf suffered no prejudice as a result.

Accordingly, the judgment of the district court is AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

I would find that the *Griffin* error in this case had a substantial and injurious effect on the jury's verdict because the evidence in this case was far from overwhelming. I would also find that the state court's decision that the *Griffin* error was harmless amounts to an unreasonable application of clearly established federal law as determined by the United States Supreme Court. I would therefore reverse

the district court and grant the habeas petition.